UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| MOTOWN RECORD COMPANY, L.P., a California limited partnership; BMG MUSIC, a New York general partnership; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; and ARISTA RECORDS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JENNIFER ADAMS<br><br>Defendant. | CIVIL ACTION No. 04-30134-MAP<br><br>The Hon. Michael A. Ponsor |

*MAP*
*12-22-04*

[PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Based upon Plaintiffs' Application For Default Judgment By The Court, and good cause appearing therefore, it is hereby Ordered and Adjudged that:

1. Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Complaint, in the total principal sum of Six Thousand Dollars ($6,000.00).

2. Defendant shall pay Plaintiffs' costs of suit herein in the amount of One Hundred Seventy Nine Dollars Seventy Six Cents ($179.76).

3. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

- "Fire and Desire," on album "Street Songs," by artist "Rick James" (SR# 25-800);
- "Stranger In My House," on album "A Nu Day," by artist "Tamia" (SR# 293-084);
- "Always Be My Baby," on album "Daydream," by artist "Mariah Carey" (SR# 215-243);
- "Run To You," on album "Bodyguard Soundtrack," by artist "Whitney Houston" (SR# 152-583);
- "One Moment In Time," on album "Whitney The Greatest Hits," by artist "Whitney Houston" (SR# 284-891);
- "Take It to da House," on album "Thugs Are Us," by artist "Trick Daddy" (SR# 303-748);
- "Soon As I Get Home," on album "Tender Lover," by artist "Babyface" (SR# 106-822);
- "Break Ya Neck," on album "Genesis," by artist "Busta Rhymes" (SR# 312-547);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of

Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

DATED: 12-22-04

By: *Michael A. Ponsor*
Hon. Michael A. Ponsor
United States District Judge